UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x

RACHEL LAROCHE,

                                    Plaintiff,                                    REPORT AND
                                                                           RECOMMENDATIONS

     -against-

ASSET ACCEPTANCE CORP.,                                      19-cv-6494-GRB-RLM

                                  Defendant.

------------------------------------------------------------------------x

ROANNE L. MANN, UNITED STATES MAGISTRATE JUDGE:

        Currently pending before this Court, on a referral from the Honorable Gary R. Brown, is a motion filed by defendant Asset Acceptance, LLC ("defendant" or "Asset Acceptance"), incorrectly sued herein as Asset Acceptance Corp., see, e.g., Notice of Removal (Nov. 18, 2019) at 2, Electronic Case Filing ("ECF") Docket Entry ("DE") #1,[1] to dismiss with prejudice, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, three complaints filed by *pro se* plaintiff Rachel Laroche ("plaintiff" or "Laroche"), see Motion to Dismiss for Failure to State a Claim (Mar. 13, 2020) ("Def. Mot."), DE #18; Order Referring Motion (Sept. 14, 2020).  For the reasons detailed below, this Court recommends that defendant's motion be granted.

## FACTUAL BACKGROUND

        In October 2019, plaintiff Rachel Laroche filed three cases in New York State ("N.Y.S.") court, alleging that Asset Acceptance violated the Fair Debt Collection Practices Act (the

---

[1] On January 23, 2020, Judge Kiyo A. Matsumoto, the District Court Judge originally assigned to the first-filed of three similar cases filed by the same plaintiff against the same defendant (i.e., docket numbers 19-cv-6494, 19-cv-6495, and 19-cv-6496), consolidated all three cases under a single docket number (19cv6494).  See Order (Jan. 23, 2020).  Unless otherwise noted, the docket entry citations in this opinion refer to entries in the first-filed case, 19-cv-6494.

"FDCPA"), 15 U.S.C. §§1692 *et seq.*, in connection with its debt collection efforts involving three accounts, as to each of which Asset Acceptance secured a judgment against Laroche years ago. See Complaint (Oct. 10, 2019) ("Compl. One"), DE #1-1 in 19-cv-6494; Complaint (Oct. 11, 2019) ("Compl. Two"), DE#1-1 in 19-cv-6495; Complaint (Oct. 11, 2019) ("Compl. Three"), DE #1-1 in 19-cv-6496. For purposes of this opinion, this Court accepts as true all well-pleaded, non-conclusory factual allegations in Laroche's three complaints.

The complaint in the first action, filed in state court on October 10, 2019, alleges that Asset Acceptance fraudulently obtained a N.Y.S. default judgment in 2008 (CIV-20116-08), which was invalid from the outset due to Asset Acceptance's (unspecified) violations of the FDCPA. See Compl. One at 1. Plaintiff claims that she was unaware of the default judgment until April 13, 2017, when a prospective lender denied her request to refinance her mortgage. See id. The default judgment was vacated, and Asset Acceptance's claims were dismissed in September 2018, on account of defendant's FDCPA violations. See id. Claiming injury to her creditworthiness, plaintiff seeks $5250 in damages. See id.

The second of the three actions filed by Laroche was commenced in state court on October 11, 2019, one day after her first-filed case. Complaint Two challenges a different N.Y.S. default judgment that Asset Acceptance obtained against her in 2008 (CIV-19988-08), which she similarly contends was invalid on account of Asset Acceptance's violation of the FDCPA. See Compl. Two at 1.[2] Plaintiff again alleges that she was unaware of this judgment until April 13, 2017, the date she was denied credit. Id. According to plaintiff, although Asset

---

[2] In her papers opposing Asset Acceptance's motion to dismiss, Laroche states that this default judgment was vacated in 2019. See Memorandum in Opposition (Mar. 13, 2020) ("Pl. Opp.") at 1, DE #19.

Acceptance "has since acknowledged in a written correspondence dated June 27, 2019 that the balance of the account was indeed ZERO and the account in question was closed[,]" Asset Acceptance nevertheless "refused to send a satisfaction [of] debt [] letter." Id.  Plaintiff demands $5,500.00 to remedy the resulting damage to her creditworthiness, along with a satisfaction-of-debt letter, "to remove this illegal judgment." Id.

In Complaint Three, which, like the second, was filed in state court on October 11, 2019, Laroche complains that Asset Acceptance and its then counsel, Sharinn & Lipshie, P.C., knowingly pursued an "illegal judgment" in the amount of $18,512.44, which was obtained by Asset Acceptance in 2010 on a debt that Laroche and the original creditor, Chase Bank, had agreed to settle.  See Compl. Three at 1.[3]  More specifically, according to Complaint Three, Laroche and Chase Bank reached agreement to settle a debt of $6700 for $2000, payable in $500 installments; Chase Bank charged off the account on March 30, 2007, but then "illegally sold the erroneous and inflated" debt to Asset Acceptance while Laroche and Chase Bank "were still in negotiations." See id. at 1-2.  Laroche did not learn of the judgment obtained by Asset Acceptance in 2010 until April 13, 2017.  See id. at 1.  Thereafter, on Friday, June 29, 2018, Asset Acceptance's counsel, Sharinn & Lipshie, agreed over the phone to settle the debt for $2500, but later refused to send Laroche a written confirmation of the settlement offer.  See id. at 2.  Complaint Three also vaguely claims that "over a period of nine years[,]" Asset Acceptance and their then-counsel, Sharinn & Lipshie, as well as non-party Chase Bank, "harass[ed] the Plaintiff . . . on an invalid debt[,]" id. at 1, and discussed the debt "at different times" with Laroche's employer, co-workers, neighbors and relatives.  See id. at 2.  Plaintiff

---

[3] The number of the account out of which the debt arose ended in 9010.  See Compl. Three at 1.

demands $6000 for damage to her creditworthiness, along with a satisfaction-of-debt letter "to dismiss the illegal judgment." Id. at 2.

Asset Acceptance removed all three of Laroche's actions to federal court on November 18, 2019. See Notice of Removal (Nov. 18, 2019), DE #1 in 19-cv-6494; Notice of Removal (Nov. 18, 2019), DE #1 in 19-cv-6495; Notice of Removal (Nov. 18, 2019), DE #1 in 19-cv-6496. In lieu of an answer, Asset Acceptance requested a pre-motion conference regarding its intention to move to dismiss all three complaints, arguing that the claims were time barred. See Letter Motion for Pre-Motion Conference (Nov. 25, 2019), DE #7. Following a pre-motion conference on December 23, 2019, see Corrected Minute Entry (Dec. 23, 2019), defendant moved to dismiss the claims in all three complaints as untimely. See Combined Memorandum of Law in Support of Defendant's Motion to Dismiss the Complaints (Mar. 13, 2020), DE #18-2. Plaintiff opposed the motion, relying in part on facts and documents not included in her complaints. See Pl. Opp. In its reply, defendant reiterated that plaintiff's claims were time barred and argued that, even considering the extra-pleading materials and information proffered by plaintiff, each of the three complaints fails to state a claim. See Reply to Response to Motion (Mar. 13, 2020), DE #20. Thereafter, Judge Brown, to whom the consolidated cases had been reassigned, referred defendant's motion to the undersigned magistrate judge for a report and recommendation. See Referral Order (Sept. 14, 2020).

## DISCUSSION

### I. Standard of Review

In deciding a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure (the "FRCP"), a court must accept as true all of the well-pleaded factual allegations in the complaint and must draw all reasonable inferences in the plaintiff's favor. See, e.g., Lynch v.

4

City of New York, 952 F.3d 67, 74 (2d Cir. 2020). That said, to survive a motion to dismiss, the complaint must contain more than bare legal conclusions. See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atl. Corp. v. Twombley, 550 U.S. 544, 555 (2007)). Rather, the pleading must contain sufficient factual allegations to plausibly give rise to an entitlement to relief. See id. at 679 (citing Twombley, 50 U.S. at 556, 570). While *pro se* complaints are held to less stringent standards than those drafted by lawyers, see Harris v. Mills, 572 F3d 66, 72 (2d Cir. 2009); see also Erickson v. Pardus, 551 U.S. 89, 94 (2007), dismissal of a claim, even from a *pro se* litigant, is justified when the pleading lacks an allegation of an element necessary for relief, see Marvin v. Peldunas, 16-cv-1456 (NSR), 2020 WL 5548823 at *2 (S.D.N.Y. Sept. 16, 2020). Moreover, "[a]lthough the statute of limitations is ordinarily an affirmative defense that must be raised in the answer, a statute of limitations defense may be decided on a Rule 12(b)(6) motion if the defense appears on the face of the complaint." Ellul v. Congregation of Christian Bros., 774 F.3d 791, 798 n.12 (2d Cir. 2014); accord Scott v. Greenberg, 15-CV-05527 (MKB), 2017 WL 1214441, at *3 (E.D.N.Y. Mar. 31, 2017); Merryman v. J.P. Morgan Chase Bank, N.A., 319 F.R.D. 468, 470 (S.D.N.Y. 2017).

**II.     Consideration of Extra-Pleading Materials**

In connection with her opposition to defendant's motion to dismiss, plaintiff has proffered additional factual allegations and documents that were not included in her complaints. See Pl. Opp. Defendant nevertheless has not invoked Rule 12(d) of the FRCP and sought to convert its motion to dismiss into a motion for summary judgment. See generally Sahu v. Union Carbide Corp., 548 F.3d 59, 69 (2d Cir. 2008) (a motion to dismiss should not be converted into a motion for summary judgment if the movant's motion papers can be fairly read to seek dismissal under only Rule 12(b)(6)). Ordinarily, a court should not consider extra-pleading

materials on a motion to dismiss unless those materials were incorporated by reference into, or are otherwise deemed "integral" to, the challenged pleading.  See, e.g., Nicosia v. Amazon.com, 834 F.3d 220, 234 (2d Cir. 2016) (extrinsic materials that plaintiff cited throughout the pleadings were "integral" to and incorporated by reference into the complaint and thus were properly considered on a Rule 12(b)(6) motion; however, lower court erred in considering facts that were neither alleged in nor integral to the complaint); see also Ansonia Tenants' Coal., Inc. v. Ansonia Assocs., 163 F.R.D. 468, 470 (S.D.N.Y. 1995) (collecting cases in which consideration of extrinsic materials was not in and of itself sufficient to trigger conversion to summary judgment motion).

As reflected in the next section of this opinion, plaintiff's submission in opposition to defendant's motion offers new allegations and documents that are neither integral to nor incorporated by reference into her three complaints.  Nevertheless, given plaintiff's *pro se* status, the Court has liberally construed her opposition to the Rule 12(b)(6) motion as a request to amend her complaints to include the newly proffered materials.  For the reasons that follow, the Court concludes that, even considering the new allegations and materials, plaintiff cannot plausibly allege that defendant violated the FDCPA within the limitations period.  See generally Dish Network L.L.C. v. World Cable Inc., 893 F.Supp.2d 452, 462 (E.D.N.Y. 2012) (in granting defendants' motion to dismiss, the court considered new facts proffered by plaintiffs in support of their cross-motion to amend their complaint).

### III.     Timeliness of Plaintiff's FDCPA Claims

A viable FDCPA claim must articulate a timely interaction between the defendant debt collector and the plaintiff consumer in violation of the FDCPA.  In the absence of equitable tolling, the FDCPA statute of limitations period begins to run on the date the alleged violation

actually occurred. See 15 U.S.C. § 1692k(d); Rotkiske v. Klemm, 140 S.Ct. 355 (2019); Benzemann v. Citibank N.A., 806 F.3d 98 (2d Cir. 2015). Where a complaint describes both timely and untimely interactions, the court must determine whether the non-time-barred allegations constitute independent FDCPA violations. See Scott, 2017 WL 1214441, at *5.

Plaintiff filed her three complaints in state court on October 10 and 11, 2019. Therefore, any claimed violation of the FDCPA that occurred prior to October 2018 is time barred.

All three complaints challenge judgments that, according to plaintiff, Asset Acceptance obtained years earlier in violation of unspecified provisions of the FDCPA: Each of the two default judgments on which Complaints One and Two are predicated was entered in 2008, and the "illegal judgment" underlying Complaint Three was obtained in 2010. In accordance with the occurrence rule embraced in Rotkiske and Benzemann, the violations complained of thus occurred in 2008 and 2010, multiple years before Laroche filed her complaints in October 2019, and thus well outside the one-year limitations period.[4]

In opposing defendant's motion to dismiss and seeking to bring her claims within the limitations period, plaintiff argues that "from 2017 to 2019, I have been in contact with Asset Acceptance to resolve the issue amicably[.]" Pl. Opp. at 1. But a number of the interactions referenced by plaintiff occurred prior to October 2018, and thus her claims are untimely even assuming those interactions somehow violated the FDCPA. For example, plaintiff alleges in Complaint Three that on June 29, 2018, Asset Acceptance's then counsel orally agreed to settle the debt for $2500 but then refused to send her a written confirmation. See Compl. Three at 1.

---

[4] That plaintiff may have been unaware of the judgments until April 13, 2017, see Compls. One at 1, Two at 1, and Three at 1, does not resurrect her untimely claims. As an initial matter, the Supreme Court in Rotkiske rejected the discovery rule on which plaintiff implicitly relies. In any event, she did not file her claims within one year of discovering the alleged violations.

Similarly, her letter opposing the motion to dismiss seeks to expand upon the claims in Complaints One and Two by attaching two letters, dated June 20, 2018, from Asset Acceptance, confirming a purported agreement to settle debts arising out of two Citibank accounts.[5] Even had plaintiff explained how these letters violated the FDCPA, any such violations occurred more than one year prior to the filing of Complaints One and Two.  Therefore, even if deemed amended to include these new materials, those pleadings nevertheless would not state timely and plausible FDCPA claims.

     Plaintiff's only allegations that reference interactions occurring within the one-year period predating her filing of the three lawsuits concern the debt at issue in Complaint Two.  In that pleading, plaintiff asserts that in written correspondence dated June 27, 2019, Asset Acceptance acknowledged that the account was closed, but thereafter refused to send her a satisfaction-of-debt letter.  See Compl. Two at 1.  In elaborating on this interaction in her opposing memorandum, plaintiff states that she later received a follow-up letter in which defendant conceded that the debt "was too old for them to collect[.]" Pl. Opp.  She attaches a copy of a letter, dated July 29, 2019, wherein Asset Acceptance stated, in highlighted lettering, that "[t]he legal time limit (statute of limitations) for suing you to collect on this debt has expired" and that therefore Asset Acceptance would not be suing plaintiff for that debt; the letter further cautioned plaintiff that if she were to "make a payment on the debt, admit to owing the debt, promise to pay the debt, or waive the statute of limitations on the debt, the creditor's rights

---

[5] Each letter reflects a "case #" that corresponds to the docket number of one of the two default judgments entered against Laroche in 2008.  Compare Letters dated June 20, 2018, DE #19 at pp. 4-7, with Compls. One at 1 and Two at 1.

8

to sue you to make you pay the entire debt may START AGAIN." Letter dated July 29, 2019, DE #19 at p. 2.

Plaintiff fails to specify how the July 29th letter violated the FDCPA, and no violation is apparent from the face of the document. Plaintiff further asserts in her letter in opposition that she later spoke on the phone with a representative of Asset Acceptance, who requested payment and refused to discuss vacating the judgment. See Pl. Opp. Given the disclosures contained in the July 29th letter, such a subsequent communication, even if deemed incorporated into Complaint Two, would not give rise to a violation of the FDCPA because it neither threatened to take legal action that could not be taken, see, e.g., Larsen v. JBC Legal Grp., P.C., 533 F.Supp. 2d 290, 303 (E.D.N.Y. 2008), nor would it otherwise have misled a reasonable "least sophisticated consumer," see generally, Clomon v Jackson, 988 F.2d 1314, 1318-19 (2d Cir. 1993) (adopting the "least sophisticated consumer" standard for testing "false or misleading representations" under section 1692e of the FDCPA and describing the standard's policy purposes and interpretations); Cohen v. Rosicki, Rosicki & Assocs., P.C., 897 F.3d 75, 85 (2d Cir. 2018) (to give rise to a violation of section 1692e of the FDCPA, statement must be a material misrepresentation, that is, capable of misleading the least sophisticated consumer); Taylor v. Fin. Recovery Servs., Inc., 886 F.3d 212, 214-15 (2d Cir. 2018) (no violation of the FDCPA where a challenged portion of a collection letter consisted of accurate information).

Neither the complaints nor plaintiff's letter in opposition specify any other acts on the part of Asset Acceptance that occurred in or after October 2018. Complaint Three vaguely asserts that "over a period of nine years[,]" Asset Acceptance and the original creditor – non-party Chase Bank – "harass[ed] the Plaintiff . . . on an invalid debt[,]" Compl. Three at 1, and discussed the debt "at different times" with Laroche's employer, co-workers, neighbors and

relatives. See id. at 2.[6] Plaintiff, who did not hesitate to expand upon her pleadings in opposing the motion to dismiss, has provided no further information about the nature, timing or maker of these communications. Such conclusory allegations cannot support a timely and plausible violation of the FDCPA. See Michelo v. Nat'l Collegiate Student Loan Tr. 2007-2, 419 F.Supp.3d 668, 695 (S.D.N.Y. 2019) (FDCPA statute of limitations period was not revived by allegation in the amended complaint that, "at some unspecified time, defendants 'falsely reported to credit bureaus that the underlying debt was valid and owed'"); Qurashi v. Ocwen Loan Servicing, 16-cv-3093 (JMA) (AYS), 2018 WL 2078167 at *4 (E.D.N.Y. Feb. 12, 2018) (recommending dismissal with prejudice of *pro se* complaint that failed to explain "whether or how Defendants allegedly violated the FDCPA[,]" noting that "supplementary and/or improved pleading will not cure its deficiencies"), adopted, 2018 WL 1392346 (E.D.N.Y. Mar. 20, 2018), aff'd, 760 F.App'x 66 (2d Cir. Jan. 24, 2019); Adams v. Sheehan, No.12-CV-5401(RRM) (JO), 2015 WL 58533, at *3-4 (E.D.N.Y. Jan 5, 2015) (dismissing with prejudice *pro se* pleading that "contained nothing more than vague, conclusory allegations" concerning FDCPA claims that were time barred); Solomon v. Ocwen Loan Servicing, LLC, No. 12-CV-2856 (SJF) (GRB), 2013 WL 1715878, at *6 (E.D.N.Y. Apr. 12, 2013) (*pro se* pleading failed to state "a plausible claim to relief" where plaintiff's allegations that defendants violated the FDCPA were "vague and conclusory, as plaintiff fail[ed] to allege specific conduct that is proscribed by" the FDCPA and where the claim was time barred).

## **CONCLUSION**

For the foregoing reasons, this Court respectfully recommends that defendant's motion to

---

[6] With a few exceptions, the FDCPA prohibits debt collectors from communicating with third parties about a consumer's debt without the consumer's consent. 15 U.S.C. § 1692c.

10

dismiss plaintiff's three complaints be granted.

Any objections to the recommendations contained herein must be filed with Judge Brown on or before November 23, 2020. Failure to file objections in a timely manner may waive a right to appeal the District Court order. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(d), 72; Small v. Sec'y of Health & Human Servs., 892 F.2d 15, 16 (2d Cir. 1989) (*per curiam*).

The Clerk is requested to enter this Report and Recommendation into the ECF system and to mail a copy to Rachel Laroche at the address on the docket.

**SO ORDERED.**

**Dated:** **Brooklyn, New York**
**November 5, 2020**

/s/ *Roanne L. Mann*

**ROANNE L. MANN**
**UNITED STATES MAGISTRATE JUDGE**